946 F.2d 1567
 292 U.S.App.D.C. 87
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Andrew KENNEDY, Appellant.
 No. 90-3037.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 16, 1991.
 
 Appeal from the United States District Court for the District of Columbia, No. CR-89-00020-02; Gasch, J.
 Before HARRY T. EDWARDS, RUTH B. GINSBURG and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir. Rule 14(c). For the reasons stated in the accompanying memorandum it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 On December 21, 1990, appellant Andrew Kennedy was convicted by a jury on one count of conspiracy to distribute and possess with intent to distribute base cocaine, 21 U.S.C. § 846 (1988), and two counts of possession with intent to distribute, 21 U.S.C. § 841(a), (b)(1)(A), (b)(1)(B) (1988). On February 21, 1990, the District Court (Gasch, J.), sentenced Kennedy to 240 months imprisonment for the conspiracy count and 328 months imprisonment for the substantive counts; the sentences are concurrent.
 
 
 5
 Kennedy's appeal challenges the sufficiency of the evidence to support his convictions and the District Court's application of a four-level enhancement for Kennedy's aggravating role in the offense. We affirm the District Court's judgment in all respects.
 
 I. The Conviction
 
 6
 Our review of the trial testimony, read in the light most favorable to the government, e.g., United States v. Powell, 929 F.2d 724, 725 (D.C.Cir.1991), finds sufficient evidence for the District Court to have submitted the cause to the jury and for the jury to have found guilt beyond a reasonable doubt on all three counts.
 
 II. The Sentence
 
 7
 Kennedy challenges the District Court's application of United States Sentencing Guideline ("U.S.S.G." or "Guideline") § 3B1.1(a) to increase Kennedy's base offense level by four levels. This Guideline states:
 
 
 8
 Based on the defendant's role in the offense, increase the offense level as follows:
 
 
 9
 (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
 
 
 10
 U.S.S.G. § 3B1.1. Kennedy asserts that the record does not support a finding that the criminal activity included "five or more participants."
 
 
 11
 In imposing the sentence, the District Court appears to have relied on the presentence report. See Transcript of Disposition, February 21, 1990, at 15-16, 18. The presentence report indicates both that Kennedy was an organizer or leader of criminal activity involving "five or more participants" and that the activity was "otherwise extensive." Presentence Report p 13, at 5 ("At least five people testified before the grand jury concerning their various roles in the criminal activity."); id. at 15 ("the organization had sufficient size, ..., various distributors and distribution locations to quali[f]y as 'otherwise extensive' ") (Addendum to presentence report). Although the District Court failed to distinguish between criminal activity involving "five or more participants" and that which is "otherwise extensive," the record supports the sentence enhancement on either ground.
 
 
 12
 Within Guideline § 3B1.1(a), "participant" refers to those "criminally responsible" for the offense, U.S.S.G. § 3B1.1, comment, n. 1, while "otherwise extensive" may be established by including other persons who facilitated the offense but who may not be chargeable with it, id. comment. n. 2; see also United States v. Reid, 911 F.2d 1456, 1466 (10th Cir.1990), cert. denied, 111 S.Ct. 990 (1991). Therefore, to support an enhanced sentence under Guideline § 3B1.1(a), it must be found that the defendant was an organizer or leader of the criminal activity and that the activity involved at least five "participants" or that the activity was "otherwise extensive." Neither the presentence report nor the District Court identified five people responsible for or otherwise involved with either substantive transaction. The record is clear, however, that at least five persons were involved in the conspiracy. This latter finding is sufficient to support the sentence.
 
 
 13
 The Introductory Commentary to Guideline § 3B states that "[t]he determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct)." This direction permitted the District Court to consider all persons involved in Kennedy's conspiracy in addition to those actually linked to the substantive counts and to add four offense levels. See also U.S.S.G. § 3D1.2 (requiring that all three counts be grouped). Although the quoted commentary was not effective until November 1, 1990, and this Circuit generally will not apply changes in the Sentencing Guidelines retroactively, see United States v. Shabazz, 933 F.2d 1029, 1033 n. 2 (D.C.Cir.1991), neither party has raised the issue here. Furthermore, in United States v. Caballero, 936 F.2d 1292, 1298-99 & nn. 7-8 (D.C.Cir.1991), this court applied the quoted commentary retroactively, holding that the prior rule of United States v. Williams, 891 F.2d 921 (D.C.Cir.1989) (requiring counting participants by transaction instead of looking to all relevant conduct), had been supplanted by the amended commentary.
 
 
 14
 In light of the foregoing considerations, we can find no basis upon which to overturn Kennedy's sentence.