UNITED STATES of America, Appellee,

v.

Shannon O. PINNICK; a/k/a Scott
A. Bishop, Appellant.

No. 93–3199.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 1, 1994.

Decided Feb. 14, 1995.

Leigh A. Kenny, Asst. Federal Public Defender, argued the cause, for appellant. With her on the brief was A.J. Kramer, Federal Public Defender.

Richard L. Chamovitz, Asst. U.S. Atty., argued the cause, for appellee. With him on the brief were Eric H. Holder, Jr., U.S. Atty., John R. Fisher, Elizabeth Trosman and Roger L. Kemp, Asst. U.S. Attys.

Before BUCKLEY, RANDOLPH and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge TATEL.

TATEL, Circuit Judge:

Appellant Shannon O. Pinnick pled guilty to one count of a four-count indictment for fraud and received a twenty-one month sentence. He now claims that the district court erred when it considered the conduct alleged in the other three counts as "relevant conduct" under section 1B1.3 of the United

States Sentencing Guidelines and when it failed to state its reasons for refusing his request for a downward departure. The district court did not err in treating the first two counts as relevant conduct and its refusal to depart, under the circumstances of this case, is not reviewable. But because the conduct underlying count three of the indictment does not qualify as relevant conduct, we vacate the sentence and remand to the district court for resentencing.

## I.

Mr. Pinnick was indicted on four counts of fraud in a single indictment. Count one alleged that on October 1, 1992, under the alias Scott Bishop, he presented a counterfeit check for approximately $19,000 to open an account at a brokerage firm. Count two alleged that on the day before, using the same alias, he used another counterfeit check drawn on the same fictitious account to purchase an $18,000 car. Both counts alleged violation of 18 U.S.C. § 513(a) (1988). Count three alleged that two months earlier—on August 6, 1992—appellant violated 18 U.S.C. §§ 1029 & 2 (1988 & Supp. V 1993) by using the names James Douglas and Scott Bishop to file a fraudulent application for a credit card account over the Prodigy computer network and by making purchases of almost $5,000 using that account during the following month. Count four charged that on December 28 and 29, 1992, appellant, claiming to be a Mr. Agbebaku, cashed five counterfeit checks totalling $6,000 drawn on Mr. Agbebaku's account at Riggs National Bank in violation of 18 U.S.C. § 1344 (1988).

Pursuant to a plea agreement, appellant pled guilty to count four of the indictment and the government dismissed the first three counts. At his plea colloquy, appellant admitted all of the allegations in count four. He also admitted using the aliases "Agbebaku" and "Bishop," but made no other statements regarding the offenses alleged in the other three counts. The district court accepted his plea and ordered a presentence investigation.

The presentence report recommended that the court consider counts one, two, and three as relevant conduct under section 1B1.3(a)(2)

of the Sentencing Guidelines because the counts involved the "same course of conduct" as the offense of conviction. See United States Sentencing Commission, *Guidelines Manual,* § 1B1.3(a)(2) (Nov.1992) (Guidelines). This recommendation increased the value of the loss used to determine the appellant's guideline range from $6,000 to $48,000, increasing his base offense level from level 11 to level 13. In addition, because appellant was on probation for another offense at the time of the credit card fraud alleged in count three, treating that count as relevant conduct added two points to his criminal history score, placing him in criminal history category III rather than category II.

Both in a letter to the probation officer who prepared the report and at the sentencing hearing, defense counsel objected to the use of counts one, two and three as relevant conduct. The government submitted no additional evidence. Relying entirely on the presentence report, the government argued that all four counts involved fraud, were similar in nature, and were part of the same crime spree.

The district court found that the allegations in the three dismissed counts qualified as relevant conduct, and therefore ruled that appellant's base offense level was 13 and that his criminal history was category III. Defense counsel asked for a downward departure based upon the abuse and neglect appellant suffered as a child, noting that the presentence report identified these circumstances as factors which might warrant a departure under the Guidelines. Without commenting on the departure request, and without objection by defense counsel, the court sentenced appellant to twenty-one months in prison, the midpoint of the indicated guideline range. See U.S.S.G. Sentencing Table.

On appeal, Mr. Pinnick argues that the district court should not have treated the three dismissed counts as relevant conduct. He argues that the government failed to prove that he committed the acts in the three dismissed counts, and that the court erred in finding that the dismissed counts were "part of the same course of conduct" as the offense

of conviction. He also seeks a remand so that the district court can explain its reasons for refusing to depart.

## II.

██ In order to treat the dismissed counts as relevant conduct, the district court had to find that the government proved by a preponderance of the evidence that appellant committed those acts. *See United States v. Salmon,* 948 F.2d 776, 778–79 (D.C.Cir.1991). We review the district court's finding on this issue for clear error. *United States v. Foster,* 19 F.3d 1452, 1455 (D.C.Cir.1994).

██ Under most circumstances, a sentencing court may rely on undisputed facts in a presentence report to conclude that the defendant committed any extraneous acts offered as relevant conduct. *See United States v. Saro,* 24 F.3d 283, 291 (D.C.Cir.1994). As the First Circuit has observed, a defendant's "failure to contest the facts" leaves "little doubt the[ ] acts occurred." *See United States v. Ramirez,* 11 F.3d 10, 14 (1st Cir. 1993) (citation and internal quotation marks omitted). But even if the defendant does not object, a sentencing court commits "obvious error" by relying on the presentence report if its findings are "internally contradictory, wildly implausible, or in direct conflict with evidence that the sentencing court heard at trial." *See Saro,* 24 F.3d at 291. Because the report in this case contains no such flaws, it was, if undisputed, sufficient to support a finding that appellant committed the other offenses. The district court erred, then, only if defense counsel's objections to the presentence report specifically challenged its factual assertions.

██ In her letter to the probation officer and at the sentencing hearing, defense counsel strenuously objected to the use of the dismissed counts as relevant conduct, arguing that "they are not the same course of conduct [or] part of a common scheme or plan as the offense of conviction" and that those counts are "substantially different in a number of respects from what Mr. Pinnick pled guilty to in count four." Transcript of Sentence, Oct. 27, 1993, Appendix at 35 & 37.

She also argued that the government had not satisfied its burden of proof, stating:

> What is in the presentence report is not enough. There has got to be something to convince the court that the offenses actually occurred and Mr. Pinnick committed them. So, again, it is a preponderance of the evidence. He admitted fully the conduct alleged in the offense of conviction. He made no statement with regard to the conduct alleged in counts one, two, and three during the guilty plea colloquy.

*Id.* at 40.

██ These objections were not enough to place the report's description of the dismissed counts in dispute. Counsel's argument that the presentence report alone could not meet the government's burden of proof did not challenge the accuracy or reliability of any factual assertion regarding the first three counts. She did not contend, for example, that the report misstated the amount of loss attributable to the other counts, or even that appellant did not commit the acts. Her argument that the acts described in the report do not qualify as relevant conduct likewise did not dispute a factual assertion. Objecting to a presentence report's legal conclusion, as counsel did here, does not suffice to dispute the factual assertions on which that conclusion rests. *See, e.g., United States v. Flores,* 9 F.3d 54, 56 (8th Cir.1993).

██ Checking the box on the acknowledgement form indicating that there were "material factual inaccuracies" in the report was also not enough to dispute the report's description of the dismissed counts. *See* Receipt and Acknowledgement of Presentence Investigation Report, Oct. 12, 1993, Brief and Record Material for Appellee, Section B. That form directed appellant to note the "paragraph and page" of any alleged inaccuracies. *Id.* Although the letter accompanying the form objected to some factual assertions in the report, none of the objections related to the description of the first three counts. For example, the letter noted that "on page 2 of the aliases portion, Mr. Pinnick admits only to using the first four names you have listed," and "on page 12 in ¶ 48, Mr. Pinnick notes that after graduating from high school he obtained an apartment with a

roommate in New Jersey." Letter from Counsel to U.S. Probation Office, Oct. 14, 1993, at 2, Brief and Record Material for Appellee, Section B. This is precisely the type of clear and specific objection required to place a factual assertion in dispute. Had the letter made any similarly specific objections to the portion of the report describing the three dismissed counts, this might be a different case. *See, e.g., United States v. Morton,* 957 F.2d 577, 578–79 (8th Cir.1992).

The record in this case is clear. The presentence report thoroughly described the conduct and investigations that led to each dismissed count. Appellant had a full opportunity to object, yet failed to challenge any of these factual assertions. Under these circumstances, the district court did not err in finding, based solely on the presentence report, that appellant committed the acts in the dismissed counts by a preponderance of the evidence.

### III.

■ We turn next to appellant's related claim that the district court erred in finding that the dismissed counts qualify as relevant conduct under section 1B1.3(a)(2) of the Guidelines. A sentencing court's determination that particular conduct is related to the offense of conviction is a factual question that we review for clear error. *United States v. Jones,* 948 F.2d 732, 737 n. 11 (D.C.Cir.1991).

■ For most offenses, the Guidelines require the sentencing court to consider only conduct intrinsic to the offense of conviction in determining the defendant's guideline range. The court may consider conduct related to other offenses when selecting the specific sentence within that range. *See United States v. Wood,* 924 F.2d 399, 403 (1st Cir.1991). For fraud and certain other offenses, however, the Guidelines provide a limited exception to this approach. Under section 1B1.3(a)(2), conduct which is part of a "common scheme or plan" or part of the "same course of conduct" as the offense of conviction qualifies as "relevant conduct" and is considered when determining the indicated guideline range. U.S.S.G. § 1B1.3(a)(2).

■ The presentence report in this case said nothing about a "common scheme or plan," but concluded that the dismissed counts were part of the "same course of conduct" as appellant's offense of conviction. Although the district court's views are not entirely clear, we assume from its statements at the sentencing hearing that it relied on the presentence report and based its relevant conduct conclusion on a finding that the dismissed counts were part of the "same course of conduct." *See* Transcript of Sentence, Appendix at 43. Extraneous offenses qualify as part of the same course of conduct if "they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S.S.G. § 1B1.3(a)(2), comment. (n. 9(B)). The sentencing court must evaluate and balance several factors, including "the degree of similarity of the offenses and the time interval between the offenses." *Id.* Also relevant are the "nature of the offenses" and whether the offenses can "readily be broken into discrete, identifiable units that are meaningful for purposes of sentencing." *Id.* comment. (n. 9(B)) & backg'd. No single factor in this fact-based inquiry is dispositive. The absence of one factor requires a stronger presence of at least one of the other factors. The inquiry focuses on whether the defendant "repeats the same type of criminal activity over time" and "engage[s] in an identifiable behavior pattern of specified criminal activity." *United States v. Perdomo,* 927 F.2d 111, 115 (2d Cir.1991) (internal citations and quotation marks omitted).

■ Where the defendant's offense of conviction and the acts offered as relevant conduct could be "separately identified" and were of a different "nature," we have found that the conduct was not part of the same course of conduct. *See United States v. Jones,* 948 F.2d 732, 737–38 (D.C.Cir.1991); *accord United States v. Hahn,* 960 F.2d 903, 909, 911 (9th Cir.1992); *United States v. White,* 888 F.2d 490, 497 (7th Cir.1989). In *Jones,* the defendant was convicted of stealing bank statements from the mail and using the information to access the accounts. We held that an alleged embezzlement from his employer that occurred over a year earlier

was not part of the same course of conduct. *See Jones,* 948 F.2d at 738.

■■■ Applying these principles, we hold that the district court's relevant conduct finding regarding the first two counts is not clearly erroneous. In each of the acts associated with counts one, two, and four, appellant, using an alias, presented a counterfeit check to obtain either cash, or, in count two, an automobile. The offenses involved similar instruments—counterfeit checks—and a similar method—using an alias—albeit a different alias in count four (Agbebaku) than in counts one and two (Bishop). It is true that the conduct in counts one and two preceded that in count four by three months, and that the acts are separately identifiable. Counts one and two are, however, more similar in nature and closer in time to appellant's offense of conviction than the embezzlement count was to the mail fraud conviction in *Jones.* In this case, the district court could reasonably conclude that these acts demonstrate that appellant "repeat[ed] the same type of criminal activity over time" and "engaged in an identifiable behavior pattern of specified criminal activity." *See Perdomo,* 927 F.2d at 115 (internal citations and quotation marks omitted).

■■■ We do not agree, however, that the credit card fraud alleged in count three constitutes part of the same course of conduct as count four, the offense of conviction. Unlike counts one, two, and four, count three did not involve counterfeit checks. Like the embezzlement count in *Jones,* count three is both separately identifiable from count four and of a different nature. That counts three and four both involved fraud to obtain money is not enough. While substantial similarities exist between count three and counts one and two—they all involved the same alias and occurred within two months—the government must demonstrate a connection between count three and the *offense of conviction,* not between count three and the other offenses offered as relevant conduct. The credit card fraud in count three is thus not part of the same course of conduct as the offense of conviction. The district court committed clear error in treating it as relevant conduct.

Removing count three from consideration as relevant conduct does not affect appellant's base offense level. It remains at level 13. *See* U.S.S.G. § 2F1.1(b)(1). But because appellant was on probation at the time of the credit card fraud, excluding count three removes two points from his criminal history score, placing him in criminal history category II instead of category III. *See* U.S.S.G. § 4A1.1(d). Eliminating count three as relevant conduct thus reduces appellant's indicated guideline range from 18–24 months to 15–21 months. *See* U.S.S.G. Sentencing Table. Accordingly, we vacate the sentence and remand for resentencing.

## IV.

■■■ In his final claim, appellant challenges the district court's denial of his request for a downward departure under policy statement 5H1.3 of the Guidelines based upon the abuse and neglect that he suffered as a child. Whether the district court's refusal to depart is reviewable here depends upon the reason for its decision. A sentencing court's refusal is reviewable, we have held, if it rests on a "misconstruction of its authority to depart." *United States v. Lopez,* 938 F.2d 1293, 1296 (D.C.Cir.1991). A court's discretionary decision that the particular circumstances of a given case do not warrant a departure, however, is not reviewable. *See United States v. Salmon,* 948 F.2d 776, 780 (D.C.Cir.1991).

■■■ We do not know why the district court refused to depart, since it imposed sentence without commenting on the departure request. Appellant now argues that because the court may have denied his request under the allegedly mistaken belief that it lacked the authority to depart, we should remand the case so that the district court can explain its reasoning. But the appellant, not us, has the initial responsibility to ensure that the district court explains its reasoning for the record, and appellant neglected that responsibility when he failed to object to the district court's ruling. Under these circumstances, we assume "that the district court kn[ew] and applie[d] the law correctly," *see United States v. Garcia–Gar-*

*cia,* 927 F.2d 489, 491 (9th Cir.1991), and that, as appellant argues, it had the authority to depart, but exercised its discretion and decided not to do so here. This issue is thus not reviewable in this court. We therefore deny appellant's request for a remand without deciding whether the Guidelines permit a departure for extreme abuse and neglect during the defendant's childhood.

### V.

For the foregoing reasons we affirm the district court's finding that counts one and two are relevant conduct and do not reach appellant's challenge to the district court's refusal to depart. But because we find its inclusion of count three as relevant conduct clearly erroneous, we vacate the sentence and remand for resentencing.

*So ordered.*