70 F.3d 638
 315 U.S.App.D.C. 77
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Nathaniel E. HOLMES, Appellant.
 No. 95-3006.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 7, 1995.
 
 Before BUCKLEY, GINSBURG, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 36(b).
 
 
 2
 Holmes challenges the validity of his guilty plea because the district court failed to advise him of the maximum and minimum sentences permitted by law, as required by Rule 11(c) of the Federal Rules of Criminal Procedure. He also challenges the court's failure to inform him of the effects of supervised release and its denial of his motion to withdraw his guilty plea. While the maximum statutory penalty was initially miscalculated by Holmes's attorney at the Rule 11 proceeding, the court thereafter informed Holmes of the correct maximum statutory penalty. Because Holmes acknowledged that he understood this clarification and because the criminal justice system must be able to rely on this exchange between the court and defendant, we find no error. See United States v. Home, 987 F.2d 833, 838 (D.C.Cir.1993). Furthermore, we find no basis for Holmes's contention that the court led him to believe that a sentence within the U.S. Sentencing Guidelines would be capped at 20 or 21 years. Although the court erred in failing to discuss supervised release, that error was harmless. The actual sentence imposed plus the time under supervised release was well within the maximum penalty provided by law. Fed.R.Crim.P. 11(h). See United States v. Good, 25 F.3d 218 (4th Cir.1994). Because Holmes's guilty plea was valid, we see no basis for concluding that the district court abused its discretion in denying his motion to withdraw the plea. Finally, Holmes argues that the district court erred by considering a dismissed charge in calculating his sentence. The fact that a charge has been dismissed pursuant to a plea agreement does not, however, preclude the sentencing judge from considering the conduct underlying that charge for purposes of sentencing. See United States v. Pinnick, 47 F.3d 434 (D.C.Cir.1995). Accordingly, it is
 
 
 3
 ORDERED and ADJUDGED that the judgment and sentence be affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.