81 F.3d 1147
 317 U.S.App.D.C. 191
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Anthony D. BURNEY, Appellant.
 No. 95-3050.
 United States Court of Appeals, District of Columbia Circuit.
 April 4, 1996.
 
 Before: WALD, WILLIAMS, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the conviction and sentence from which this appeal has been taken be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant Anthony D. Burney contends that the 60-month sentence imposed on him following his conviction in the district court of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k), should be vacated because the district court employed the probable cause rather than the preponderance of the evidence standard in sentencing him pursuant to U.S.S.G. § 2K2.1(c) (which enhances the base offense level for a firearms offense if the defendant used or possessed the firearm in connection with the commission of another offense), and because the district court failed expressly to find that the evidence the government submitted in support of sentencing was sufficient under the preponderance of the evidence standard to satisfy each element of U.S.S.G. § 2K2.1(c).
 
 
 5
 Although the district court could not properly have relied solely upon the indictment in enhancing appellant's sentence pursuant to U.S.S.G. § 2K2.1(c), the court is satisfied that the district court applied the preponderance of the evidence standard to the facts in the presentence report, whose accuracy appellant did not contest. See United States v. Pinnick, 47 F.3d 434, 437 (D.C.Cir.1995) ("Objecting to a presentence report's legal conclusion ... does not suffice to dispute the factual assertions on which that conclusion rests."). Moreover, any error the district court may have committed in failing to make explicit findings regarding the sufficiency of the evidence with respect to each element of U.S.S.G. § 2K2.1(c) was harmless, as the uncontested facts in the presentence report are sufficient to justify applying U.S.S.G. § 2K2.1(c) in this case.
 
 
 6
 In particular, the facts in the presentence report are sufficient, under the preponderance of the evidence standard, to permit the conclusion that appellant intended to distribute the 6.5 grams of cocaine base found on him, and that he possessed a firearm in connection with his commission of the controlled substance offense, as the gun had the potential to facilitate the controlled substance offense. See Smith v. United States, 113 S.Ct. 2050, 2054-55 (1993) (defining "during and in relation to," which appellant concedes is analogous to "in connection with," as to facilitate or have the potential to facilitate).
 
 
 7
 The Supreme Court's recent opinion in Bailey v. United States, 116 S.Ct. 501 (1995), does not compel a different result, as that opinion defined what constitutes use of a firearm and did not alter the meaning of "during and in relation to." Because U.S.S.G. § 2K2.1(c) applies to use or possession of a firearm in connection with another offense, it was not necessary to show that appellant actively employed the firearm to satisfy the "in connection with" element of U.S.S.G. § 2K2.1(c). See, e.g., United States v. Gary, 74 F.3d 304, 316-17 & n. 11 (1st Cir.1996) (recognizing that meaning of "in connection with" was not changed by Supreme Court's opinion in Bailey; upholding application of sentence enhancement provision which applies if firearm is used or possessed in connection with another offense, where defendant possessed firearm during other offense but had not "used" it as defined in Bailey ).