88 F.3d 1279
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
UNITED STATES of America
v.
AaSim Anis KHAN, also known as Mike Riley, Appellant.
 No. 95-3070, 95-3071.
 United States Court of Appeals, District of Columbia Circuit.
 May 21, 1996.
 
 Before: WILLIAMS, HENDERSON, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED, for the reasons stated in the accompanying memorandum, that the convictions appealed from be affirmed, and the sentences imposed be vacated, and the cases remanded for resentencing. Upon consideration of the motion for an expedited decision, it is
 
 
 3
 ORDERED that the motion for expedited decision be dismissed as moot.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 5
 Appellants assert, first, that their convictions were improperly obtained by the use of incorrect jury instructions. Appellants filed proposed jury instructions in September 1994 which included a reference to an instruction defining the intent element as an intention "to disobey or disregard the law." The proposed jury instructions also included an instruction describing the intent element of mail fraud as "an intent to deceive or defraud," and further defining intent to defraud as the intent to cause financial loss to another or financial gain to oneself. Because appellants never again asserted, either in a mid-trial conference about jury instructions or when specifically queried by the district court immediately after the jury charge, any desire to instruct the jury on the definition of intent as an intention "to disobey or disregard the law," they waived their earlier request for that particular instruction. Accordingly, the district court's instructions are reviewed only for plain error. See U.S. v. Dale, 991 F.2d 819, 950 (D.C.Cir.), cert. denied, 114 S.Ct. 286 (1993) (when no objection is made to a court's jury instructions before a jury retires, the instruction is reviewed only for plain error "affecting a substantial right so that a miscarriage of justice would otherwise result"). Viewed under the plain error standard, the instructions given to the jury do not warrant reversal.
 
 
 6
 A mail fraud conviction requires proof of an intent to deceive and cause financial loss to another or cause financial gain to oneself. U.S. v. Jimenez, 77 F.3d 95 (5th Cir.1996). The specific intent required under the mail fraud statute is the intent to defraud, rather than the intent to violate a statute. U.S. v. Porcelli, 865 F.2d 1352 (2d Cir.1989). The cases cited by appellants do not support the proposition that proof of subjective knowledge of unlawfulness is also required for conviction for mail fraud. Although the instruction given in U.S. v. Rhone, 864 F.2d 832 (D.C.Cir.1989), included the language appellants claim should have been given here, the court did not discuss this language but instead disapproved an additional instruction that "ignorance of the law is no excuse," holding that in some cases ignorance may provide a defense. Id. at 835. The court in Rhone did not determine that subjective knowledge of the unlawfulness of one's action is always required in a conviction for mail fraud. The other cases cited by appellants, U.S. v. North, 910 F.2d 843, 884 (D.C.Cir.1990) (noting that the mental state required for most specific intent crimes does not involve knowledge of illegality), and U.S. v. Lemire, 720 F.2d 1327, 1343 (D.C.Cir.1983) (approving an instruction on mail fraud that defined the required intent as that to deceive and to defraud), are also inapposite.
 
 
 7
 Appellants also argue that the district court's finding that they engaged in post-offense misconduct while on release from the instant offense was necessarily based on less than a preponderance of the evidence and was therefore legally insufficient to support the three-level increase in base offense level applied at sentencing.
 
 
 8
 A sentencing court must base its factual findings on a preponderance of the evidence. U.S. v. Pinnick, 47 F.3d 434, 437 (D.C.Cir.1995). Although post-offense misconduct may be a proper basis for an upward departure in offense level if it shows extensive criminal involvement, U.S. v. Fadayini, 28 F.3d 1236, 1242 (D.C.Cir.1994), any upward adjustment must be based on at least a preponderance of the evidence. U.S. v. Gigante, 39 F.3d 42, 47 (2d Cir.1994).
 
 
 9
 The record in this case reveals that the court had before it no direct evidence, either through documents or testimony, of any criminal conduct by the Khans following their arrest and release on the instant charges. The existence of the indictment issued by Montgomery County, Maryland, cannot alone support a finding by a preponderance of the evidence because it is based on probable cause, and furthermore it alleges no specific criminal acts occurring after April 20, 1994. Therefore, the sentences of the appellants are vacated and the cases remanded for resentencing.
 
 
 10
 Appellants' final claim, that the restitution orders entered against them violate the Victim Witness Protection Act, 18 U.S.C. § 3663-64, does not warrant relief. The district court's sentencing comments make clear that the Khans are jointly and severally liable for the victims' compensation.