**UNITED STATES of America,**

v.

**John E. ADAMSON, Defendant.**

**No. Crim. 93–12 SSH.**

United States District Court,
District of Columbia.

Feb. 3, 1999.

---

Lisa A. Gok, Katherine Winfree, Virginia Cheatham, Asst. U.S. Atty.'s, U.S. Attorney's Office, Washington, DC, for plaintiff.

Plato Cacheris, Philip T. Inglima, Washington, DC, for defendant.

### MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

Before the Court is defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On February 15, 1994, a jury convicted defendant of attempted money laundering in violation of 18 U.S.C. § 1956(a)(3) and 2.[1] Before being sentenced by the Court, defendant filed a motion for a sentencing departure and an accompanying memorandum in aid of sentencing with the Court. Defendant's sentencing memorandum asked the Court to depart downward from the applicable guideline range pursuant to § 5K2.0 based on "several independent and cumulative grounds." Def.Mem. at 1. On July 18, 1994, the Court denied defendant's request for a downward departure and sentenced him to 57 months of imprisonment, which was at the bottom of the applicable guidelines range.[2] Defendant appealed his conviction, including the Court's denial of his departure motion. The Court of Appeals affirmed defendant's conviction. *See United States v. Spriggs*, 102 F.3d 1245 (D.C.Cir.1996). With respect to his departure motion, the Court of Appeals rejected defendant's argument, noting that he had not asked this Court to explain its decision. *See id*, at 1263. As a result, the Court of Appeals assumed that the Court knew that "it had the authority to depart, but exercised its discretion and decided not to do so here." *Id.* (quoting *United States v. Pinnick*, 47 F.3d 434, 439–40 (D.C.Cir. 1995)). Defendant then appealed his case to the Supreme Court. The Supreme Court denied defendant's petition for a writ of certiorari on October 6, 1997. *See Spriggs v. U.S.*, —— U.S. ——, 118 S.Ct. 97, 139 L.Ed.2d 52 (1997). Defendant, who had been in the unusual position of being on release while his appeal was pending, began serving his sentence on September 15, 1997.

Defendant filed the instant motion on September 15, 1998, within the applicable one-year limitations period for motions pursuant to § 2255. Defendant's motion asks the Court to examine whether, in light of subsequent legal developments, the Court improperly denied his 1994 motion for a downward departure. Defen-

---

1. Defendant was acquitted of other charges of conspiracy and money laundering.

2. Defendant's offense level of 25 and criminal history category of I provided a sentencing range of 57 to 71 months of imprisonment.

dant's 1994 sentencing memorandum argued that a combination of four mitigating factors warranted a downward departure from the guidelines sentence in his case. These factors were: (1) the two level "value of funds" enhancement applied to his sentence overstated his culpability and his need for punishment and rehabilitation; (2) the government's inducement of his criminal conduct and their weak evidence of his predisposition to commit the crime established a case of "imperfect" entrapment; (3) he was a first time offender and his criminal conduct was "genuinely aberrant to both his prior and subsequent behavior"; and (4) traditional sentencing considerations would support a far lower sentence than the guidelines sentence in his case.

Defendant now argues that the Court may have mistakenly believed that it did not have the authority under § 5K2.0 to depart downward from his guidelines sentence based on these factors. In support of his argument, defendant cites a case decided by the Supreme Court after his sentencing, *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). *Koon* clarified that a district court may depart downward under § 5K2.0 based on any factor that the Commission has not categorically proscribed from consideration, if that factor "takes the case outside the heartland of the applicable Guideline." *Id.* 518 U.S. 81, 116 S.Ct. at 2051. Moreover, *Koon* also implied that a district court may depart downward based on a combination of mitigating factors, even where no individual factor would sustain the departure request. *See id.* 518 U.S. 81, 116 S.Ct. at 2054. On this basis, defendant asks the Court to reconsider the factors that he argued warranted a downward departure in his case, set aside his sentence, and impose a new sentence that includes a § 5K2.0 departure from the applicable guidelines sentencing range.

The Court finds it unnecessary to evaluate anew the factors defendant claims warrant a downward departure in his case, as it did so before determining defendant's sentence. Defendant's 1994 sentencing memorandum discussed the "several independent and cumulative grounds" that, defendant argued, supported a downward departure. The Court also heard defendant's arguments on this matter at the sentencing hearing. The Court considered the grounds for departure that defendant presented, and determined that they did not support a downward departure. The Court believes its language at the sentencing hearing was clear on this point:

I have thought more than Mr. Adamson could ever truly realize about all of the sentencings [of the multiple defendants] in this case and have come to the conclusion that no departure would be appropriate [for Mr. Adamson] in this case— which leads me to adopt the findings and conclusions contained in the presentence investigation report....

Tr. 7/18/94 at 39. To rephrase its decision in the language of *Koon's,* the Court found that the circumstances of defendant's case were not sufficiently unusual to take the case out of the "heartland" of the money laundering guideline. Thus, the Court denied defendant's motion. The Court of Appeals was correct in its assumption that the Court was aware of its authority to depart, but exercised its discretion not to do so.[3]

In sum, the Court denied defendant's departure motion, not because it believed it did not have the authority to depart downward in defendant's case, but because it did not believe that such a departure was warranted. Because "[defendant's] motion and the files and records of this case conclusively show that defendant is entitled to no relief," 28 U.S.C. § 2255 (1994 & Supp.1996), the Court finds that a response from the United States Attorney

3. Notably, not only had defendant presented thorough arguments as to the Court's departure authority, but the presentence investiga-

tion report also noted that a § 5K2.0 departure was a potentially available choice to the Court. *See* PSI Report at ¶ 99.

and a hearing on this matter are unnecessary. Accordingly, it hereby is

**ORDERED**, that defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

SO ORDERED.