UNITED STATES of America, Appellee,

v.

Felipe Carlos VILLANUEVA–GONZALEZ, Appellant.

No. 04–3006.

United States Court of Appeals, District of Columbia Circuit.

Dec. 1, 2004.

Jeanne M. Hauch, Assistant U.S. Attorney, Roy Wallace McLeese, III, Assistant U.S. Attorney, John Robert Fisher, Assistant U.S. Attorney, John P. Mannarino, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

A.J. Kramer, Federal Public Defender, Mary Manning Petras, Federal Public Defender, Washington, DC, for Defendant–Appellant.

Before SENTELLE, RANDOLPH, and GARLAND, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties and oral arguments of counsel. It is

ORDERED AND ADJUDGED that the judgment of the District Court is hereby affirmed.

Appellant, a felon previously deported after serving ten years in an American prison, pled guilty to reentry of a removed

4

alien after conviction of aggravated felony in violation of 8 U.S.C. §§ 1326(a), (b)(2). At the sentencing hearing, Appellant requested, and the District Court denied, downward departures pursuant to § 5K2.11 of the United States Sentencing Guidelines, which permits sentence reductions for crimes committed to avoid a "perceived greater harm" when "the circumstances significantly diminish society's interest in punishing the conduct," and § 5K2.12 of the United States Sentencing Guidelines, which permits sentence reductions for crimes "committed ... because of serious coercion, blackmail, or duress." U.S.S.G. §§ 5K2.11, 5K2.12 (2003). We find no basis for overturning the court's refusal to grant the downward departure, because the District Court's refusal to depart downward where it is aware that it has authority to do so is unreviewable by this Court. *United States v. Beckham,* 968 F.2d 47, 53 (D.C.Cir.1992). Although there is some ambiguity in the record, this is not sufficient to overcome our presumption that the District Court "knew and applied the law correctly" regarding its authority to depart. *See In re Sealed Case,* 199 F.3d 488, 490–91 (D.C.Cir.1999), quoting *United States v. Pinnick,* 47 F.3d 434, 439 (D.C.Cir.1995).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.