**UNITED STATES COURT OF APPEALS**

**August 15, 2008**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVEN LEVANDER WILLIAMS,

Defendant-Appellant.

No.  08-5014

(N.D. of Okla.)

(D.C. No. CR-97-109-002-HDC)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Steven L. Williams appeals the denial of his motion to modify his sentence.

Proceeding pro se,[1] he claims the district court abused its discretion for the

following reasons: (1) the district court erroneously concluded a recent

amendment to the United States Sentencing Guidelines (USSG) did not authorize

---

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

[1] Because Williams proceeds pro se, we review his pleadings and filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the court to modify Williams's sentence, (2) the district court failed to evaluate whether certain findings made by the original sentencing court were erroneous, and (3) Williams's sentence violates *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007).

Having jurisdiction pursuant to 28 U.S.C. § 1291 and finding no error, we AFFIRM the district court's order.

## I. BACKGROUND

*Sentencing*

In 1997, Williams pleaded guilty to (1) conspiracy to possess with intent to distribute crack cocaine, and (2) possession with intent to distribute crack cocaine. Prior to sentencing, the probation office prepared a presentence investigation report (PSR). The PSR explained "[d]uring the twelve month period ending August 1997, Steve Williams obtained, possessed with intent to distribute or distributed not less than eighteen ounces of [crack cocaine] per month, for a total of 216 ounces or 6.123 kilograms." PSR at 6, ¶ 12. Based on this quantity of drugs, the PSR recommended a base offense level of 38. *See id.* at 7, ¶ 18 (applying USSG § 2D1.1(c)(1) (1997)).

The PSR also recommended no enhancements to the base offense level and a three-level reduction for acceptance of responsibility. Because Williams's total

offense level was 35 and he had a category III criminal history, the PSR calculated a Guidelines range of 210 to 262 months for each count.

Williams objected to the amount of cocaine the PSR attributed to him. The probation office responded with an addendum setting forth the proof supporting the PSR's conclusion. In February 1998, the sentencing court adopted the PSR's factual findings and Guidelines recommendations. The court then sentenced Williams to a term of 210 months imprisonment for each count, with the two terms running concurrently. Williams did not appeal his conviction or sentence.

*Motion for Reduction of Sentence*

Ten years later, Williams filed a motion under 18 U.S.C. § 3582(c)(2) for the modification of his sentence. He argued he was eligible for a reduced sentence pursuant to Amendment 706[2] of the Guidelines, which applies retroactively to sentences involving crack cocaine.[3] The district court denied Williams's motion, and this timely appeal follows.

## II. DISCUSSION

We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2). *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996). We review a court's interpretation of the

---

[2] *See* USSG App. C. Supplement, Amendment 706 (Nov. 1, 2007).

[3] *See* USSG App. C. Supplement, Amendment 713 (Mar. 3, 2008).

-3-

Guidelines and other legal issues de novo. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

**A.    Application of Amendment 706**

Williams first argues the district court abused its discretion because it concluded USSG Amendment 706 does not authorize the court to reduce his sentence.

According to 18 U.S.C. § 3582(c)(2), a "court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Williams claims the Sentencing Commission retroactively reduced the sentencing range for his offense involving crack cocaine when it passed Amendment 706. As his argument goes, he is therefore eligible for a reduced sentence under § 3582(c)(2).

Contrary to Williams's assertion, however, Amendment 706 does not authorize a reduction in his sentence. Amendment 706, which is retroactive to previously imposed sentences,[4] modified the drug quantity thresholds in the Drug Quantity Table of USSG § 2D1.1(c). When Williams was originally sentenced, the Table indicated that a defendant responsible for *1.5 kilograms* or more of crack cocaine received a base offense level of 38. *See* USSG § 2D1.1(c)(1)

---

[4] *See* USSG App. C. Supplement, Amendment 713 (Mar. 3, 2008).

(1997).  Now, under Amendment 706, a defendant responsible for *4.5 kilograms* or more of crack cocaine receives a base offense level of 38.  *See* USSG App. C. Supplement, Amendment 706 (Nov. 1, 2007).  Because the original sentencing court concluded Williams was responsible for 6.123 kilograms of crack cocaine, Amendment 706 does not alter Williams's base offense level; his base offense level remains at 38.  Therefore, this amendment does not authorize a court to reduce Williams's sentence.

Because Williams is not eligible for a reduced sentence, we conclude the district court did not abuse its discretion in denying his § 3582(c)(2) motion.

**B.    Challenge to Drug Quantity**

Williams nonetheless argues that he is eligible for a reduction in his sentence because the sentencing court erred in finding he was responsible for 6.123 kilograms of crack cocaine.

As a threshold matter, Williams failed to raise this argument when he filed his § 3582(c)(2) motion in district court,[5] and therefore we review this issue only for plain error.  *See United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006); Fed. R. Crim. P. 52(b).

---

[5] Williams also failed to file a direct appeal challenging the sentencing court's findings.

Here, we see no error, plain or otherwise, because Williams cannot use § 3582(c)(2) to collaterally attack his sentence. *See Smartt*, 129 F.3d at 542–43 (holding district court does not have jurisdiction under § 3582 to consider collateral sentencing issues). A collateral attack "complain[s] about the substance of, or proceedings that determined, a defendant's original sentence or conviction." *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003). In contrast, § 3582(c)(2) only gives district courts the authority "to modify a sentence based on events occurring *after* the original sentence was imposed." *Id.* (emphasis added); *see also United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003) (describing the difference between a § 3582(c)(2) motion and a collateral attack). By challenging the quantity of drugs calculated by the sentencing court, Williams is attempting to use his § 3582(c)(2) motion as a vehicle to challenge the substance of, or the proceedings that determined, his original sentence.

Because the district court lacks jurisdiction under § 3582(c)(2) to consider this collateral attack, we conclude the district court did not err in denying Williams's § 3582(c)(2) motion.

**C.    *Booker* and *Kimbrough***

Williams also argues the district court's denial of his § 3582(c)(2) motion violates *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007).

We rejected a similar argument in *United States v. Price*, 438 F.3d 1005 (10th Cir. 2006).  As we explained, "even if *Booker* could be read to be an implicit lowering of [a defendant's] sentencing range, § 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range.  We therefore agree with the district court that *Booker* does not provide a basis for a sentence reduction under § 3582(c)." *Id.* at 1007.  The Sentencing Commission has not lowered the range that applies to Williams sentence.  Thus, because *Booker*—and by extension *Kimbrough*—does not provide a basis for a sentence reduction under § 3582(c)(2), we conclude the district court did not abuse its discretion by denying Williams's motion.

## III.  CONCLUSION

For the reasons set forth above, we AFFIRM the district court's order denying Williams's motion for modification of his sentence.  We DENY Williams's motion for extension of time to file an untimely reply brief.

Entered for the Court,

Timothy M. Tymkovich
United States Circuit Judge

-7-