# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2010

No. 09-40080
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES DWAYNE ORTEGA, also known as Fat Boy,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:98-CR-14-21

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

James Dwayne Ortega, federal prisoner # 07046-078, appeals the district court's denial of relief on his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). Ortega was convicted on drug-related counts, including a charge that he conspired to possess with the intent to distribute over seven kilograms of crack cocaine and other controlled substances. Ortega was sentenced to 292 months of imprisonment on the above conspiracy count. This court affirmed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ortega's convictions and sentences. *United States v. Hernandez*, No. 98-41246, 2001 WL 650227, at *11 (5th Cir. May 24, 2001).

In challenging the district court's denial of his § 3582(c)(2) motion, Ortega contends that the district court had the authority to reduce his sentence pursuant to the retroactive amendments to the Sentencing Guidelines concerning crack cocaine. He disputes the determinations made at sentencing as to the quantity of crack cocaine involved in the conspiracy, and he argues that the district court erred in denying relief without conducting an evidentiary hearing. Ortega asserts that the Government conceded error as to the determination of drug quantity in his direct appeal. He also maintains that *United States v. Booker*, 543 U.S. 220 (2005), is applicable to § 3582(c)(2) proceedings. Ortega moves for appointment of counsel on appeal and for the production of certain documents.

Effective November 1, 2007, the United States Sentencing Commission ("the Commission") adopted Amendment 706, which modified the guidelines ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder cocaine sentences. U.S.S.G. Supp. to App'x C, Amend. 706 (Nov. 1, 2009); *see United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). The general effect of Amendment 706 is to decrease by two levels the base offense levels for crack cocaine offenses. *See Burns*, 526 F.3d at 861. In addition, effective May 1, 2008, the Sentencing Commission enacted Amendment 715, which modified the commentary to § 2D1.1 of the Guidelines to revise the manner in which combined offense levels are determined in cases involving cocaine base and one or more other controlled substance. U.S.S.G. Supp. to App'x C, Amend. 715. Pursuant to Amendment 715, the two-level reduction for offenses involving crack cocaine does not apply in a case where "the offense involved 4.5 kg or more, or less than 250 mg, of cocaine base." *Id.*, Amend. 715. At Ortega's sentencing hearing, the district court expressly adopted the drug quantity determinations set forth in the Presentence Report, which found that

2

Ortega was accountable for 32.5 kilograms of crack cocaine. In his direct appeal, Ortega challenged the amount of drugs attributable to him for sentencing purposes, and this court rejected his arguments. *Hernandez*, 2001 WL 650227, at *2 n.1, 9-10. Ortega may not relitigate the issue of drug quantity in a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010); *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994). As there was no cognizable factual dispute, the district court did not err in denying relief without conducting an evidentiary hearing. *See Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984).

Contrary to Ortega's assertion, *Booker* is not applicable in § 3582(c)(2) proceedings. *See Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010); *United States v. Doublin*, 572 F.3d 235, 237-39 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). Additionally, there is no right to appointed counsel in a § 3582(c)(2) proceeding. *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995); *United States v. Hereford*, No. 08-10452, 2010 WL 2782780, at *1-2 (5th Cir. July 12, 2010). Moreover, the interest of justice did not require the appointment of counsel because Ortega's § 3582(c)(2) motion did not involve complicated or unresolved issues. *Cf. United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008). The district court therefore did not err by denying Ortega's motion for appointment of counsel, and we decline to appoint counsel on appeal for the same reasons.

In view of the foregoing, the judgment of the district court is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's alternate request for an extension of time to file a brief is DENIED. Ortega's motion for the appointment of counsel on appeal is DENIED, and his motion for the production of documents is DENIED.