# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued March 18, 2013          Decided July 12, 2013

No. 12-3003

UNITED STATES OF AMERICA,
APPELLEE

v.

ANDREW KENNEDY,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:89-cr-00020-2)

---

*Tony Axam Jr.*, Assistant Federal Public Defender, argued the cause for appellant. With him on the briefs was *A.J. Kramer*, Federal Public Defender.

*Jay Apperson*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Elizabeth Trosman*, *Suzanne Grealy Curt*, and *Robert Okun*, Assistant U.S. Attorneys.

Before: HENDERSON, GRIFFITH, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: More than twenty years after his conviction for trafficking crack cocaine, Andrew Kennedy now claims, for the first time, that the judge who sentenced him failed to determine the quantity of drugs he possessed. Kennedy raises this claim in a proceeding to reduce his sentence under 18 U.S.C. § 3582(c)(2). We conclude that the district court did not err when it refused to revisit this settled factual finding.

I

Kennedy directed a crack cocaine trafficking ring in Washington, D.C., in the late 1980s. A jury convicted him on counts related to the possession and distribution of crack. After trial, Probation Services prepared a Pre-Sentence Investigation Report (PSR) based on "the seized and analyzed cocaine base (crack)" which "total[ed] 380.92 grams." This amount falls near the middle of the then-applicable drug quantity range (150 to 499 grams) that yielded a base offense level of 34 (to which was added a 4 point upward enhancement because Kennedy was the leader of a conspiracy) and resulted in a sentencing range of 292-365 months. At the sentencing hearing, Kennedy's counsel "conceded that the calculation . . . is correct in terms of . . . the amount of drugs involved in the case." Tr. 2/21/90 at 5. When Kennedy spoke, he maintained his innocence of the crimes, but did not challenge the drug quantity in the PSR. The district court sentenced Kennedy to 328 months' imprisonment, "about in the middle of the guidelines." Tr. 2/21/90 at 16.

Kennedy appealed his conviction and sentence to this court arguing that there was insufficient evidence to sustain his conviction and the leadership enhancement. Kennedy did

not challenge the drug quantity finding that informed his base offense level. *See United States v. Kennedy*, No. 90-3037, 1991 WL 183716, at *1 (D.C. Cir. Sept. 16, 1991) (unpublished) (per curiam). We affirmed the district court and noted that "[i]n imposing the sentence, the District Court appears to have relied on the presentence report." *Id.*

In November 2007, the Sentencing Commission lowered the base offense level for crack cocaine offenses, UNITED STATES SENTENCING GUIDELINES MANUAL app. C, amend. 706, 711 (Nov. 1, 2007), and later made that change retroactive. UNITED STATES SENTENCING GUIDELINES MANUAL supp. to app. C, amend. 713 (Nov. 1, 2009). The district court granted Kennedy's § 3582(c)(2) motion, lowering his offense level to 36 and reducing his sentence to 293 months.

In November 2011, the Sentencing Commission again retroactively reduced the Guidelines ranges for crack cocaine offenses. *See* UNITED STATES SENTENCING GUIDELINES MANUAL supp. to app. C, amend. 750 (Nov. 1, 2011); U.S.S.G. at § 2D1.1 (2012). Once again, Kennedy moved to reduce his sentence under § 3582(c)(2). But this time, Kennedy took a new tack. Kennedy argued that the sentencing court had never made a finding on the quantity of drugs he possessed. The district court denied his motion, finding as a matter of fact that the sentencing judge had implicitly adopted the drug quantity, 380.92 grams, reported in the PSR. Kennedy now appeals.

We have jurisdiction under 28 U.S.C. § 1291 and review the district court's factual finding for clear error. 18 U.S.C. § 3742(e). We review the district court's decision to deny Kennedy's § 3582(c)(2) motion for abuse of discretion.

4

*United States v. Lafayette*, 585 F.3d 435, 439 (D.C. Cir. 2009).

II

District courts retain broad authority to control § 3582(c)(2) proceedings. *United States v. Hall*, 600 F.3d 872, 875 (7th Cir. 2010) (stating that "[t]he district court has *substantial discretion* in adjudicating sentence-reduction motions under § 3582(c)(2) and our review is deferential" (emphasis added) (citation omitted)); *United States v. Woods*, 581 F.3d 531, 539 (7th Cir. 2009) (stating that "[d]istrict courts have *broad discretion* in how to adjudicate § 3582(c)(2) proceeding[s]" (emphasis added)). And as the Supreme Court has observed, § 3582(c)(2) hearings are "limited [in] nature," *Dillon v. United States*, __ U.S. __, 130 S. Ct. 2683, 2691 (2010), and are not "plenary resentencing proceedings." *Id.* at 2692. A § 3582(c)(2) hearing is not a license for the defendant to re-litigate his sentence wholesale or challenge previously adjudicated aspects of his conviction. A § 3582(c)(2) proceeding is, instead, a straightforward application of changed sentencing law to established facts. *See id.* at 2691-92. As such, the district court may decline to reopen settled factual matters challenged in a § 3582(c)(2) motion. *See id.* at 2692.

The district court found that the sentencing judge acted "in accordance with the presentence report in that guideline range, which by inference means that he accepted the amount of – the quantity of drugs applicable to [the defendant] as appropriate. . . . [T]he finding is consistent with the findings made in the original sentencing determination . . . ." 1/13/12 Tr. at 27-29. Examining the transcript of the sentencing hearing, the district court reached the only plausible conclusion: although the sentencing court did not state on the

record that it was adopting the drug quantity recommendation included in the PSR, it implicitly adopted that recommendation by determining a base offense level of 34. That finding by the § 3582(c)(2) court was not clearly erroneous. In fact, we previously said as much on direct appeal. *Kennedy*, 1991 WL 183716, at \*1 ("In imposing the sentence, the District Court appears to have relied on the presentence report."). And, as the § 3582(c)(2) court surely knew, no explicit finding by the original sentencing court was needed, because defense counsel did not object at sentencing to the drug quantity found in the PSR. *See United States v. Pinnick*, 47 F.3d 434, 437 (D.C. Cir. 1995) (stating that "a sentencing court may rely on undisputed facts in a presentence report"). Quite the contrary: defense counsel *explicitly conceded* that the drug quantity was correct. Where a defendant does not challenge the facts in a PSR, the district court does not err in adopting those facts. *Id.* at 438. Reviewing the record in the § 3582(c)(2) hearing, the district court determined that the sentencing court implicitly adopted the PSR. That finding was not clearly erroneous.[*]

Notwithstanding his counsel's concession, Kennedy now claims that he *did* challenge the drug quantity in the PSR at sentencing. Kennedy bases his argument on statements he made during the hearing, in which he maintained that his drug trafficking was less extensive than what the government had proven at trial. But Kennedy's protestations of limited culpability fall far short of the "clear and specific objection" we require "to place a factual assertion [contained in the PSR]

---

[*] Because we hold that it was not clearly erroneous for the district court to find that the sentencing court implicitly adopted the drug quantity in the PSR, we need not consider the district court's alternative holding, namely, a finding of drug quantity in the first instance.

in dispute." *Pinnick*, 47 F.3d at 437-38. A general challenge to Kennedy's conviction is not a specific challenge to the quantity of drugs for which the PSR indicated he was responsible. The sentencing court did not – and need not – treat it as such.

Kennedy had the opportunity to challenge the facts contained in the PSR at sentencing, and he declined to do so. He again declined to raise the argument on direct appeal. The district court's finding that the drug quantity contained in the PSR was implicitly adopted by the sentencing court was not clear error, and the decision to deny the § 3582(c)(2) motion was not an abuse of discretion. "'A § 3582(c)(2) motion is not the appropriate vehicle for raising issues related to the original sentencing.' Those are arguments for direct appeal and are not cognizable under § 3582(c)(2)." *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009) (quoting *United States v. Shaw,* 30 F.3d 26, 29 (5th Cir. 1994)) (alteration omitted).

Other circuits have likewise declined to allow defendants to reopen the issue of drug quantity in these hearings. *See United States v. Ortega*, 464 F. App'x 202, 203 (5th Cir. 2010) (stating that "[the defendant] may not relitigate the issue of drug quantity in a § 3582(c)(2) motion."); *United States v. Williams*, 290 F. App'x 133, 136 (10th Cir. 2008) (stating that "[the defendant] cannot use § 3582(c)(2) to collaterally attack his sentence [by challenging drug quantity]."); *see also United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) (holding that the district court did not abuse its discretion in refusing to grant an evidentiary hearing on drug quantity raised for first time in a § 3582(c)(2) motion). It was no abuse of discretion for the district court to refuse to do so here.

IV

For the foregoing reasons, we affirm the district court's denial of Kennedy's motion to reduce his sentence.

*So ordered.*