United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31110
Conference Calendar

CLARENCE SAMUELS,

Plaintiff-Appellant,

versus

LONNIE HAY; RAY HANSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CV-1100-SMH
--------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Clarence Samuels, Louisiana prisoner # 133005, appeals from the district court's dismissal with prejudice of his 42 U.S.C. § 1983 civil rights complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). If his appellate brief is afforded liberal construction, Samuels contends that the district court abused its discretion in dismissing his claims as frivolous. First, Samuels challenges the determination that his lost property claim was not cognizable under 42 U.S.C. § 1983. For purposes of his claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that prison guards interfered with his attempts to obtain relief through the state administrative grievance process, Samuels raises an exhaustion argument, contending that the actions of the prison guards delayed his ability to pursue federal relief. Finally, Samuels argues, for the first time, that the prison guards acted with retaliatory intent. New allegations may not be raised and will not be addressed for the first time on appeal. Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Accordingly, we decline consideration of Samuels's retaliation argument.

As determined by the district court, Samuels's argument concerning the confiscation of his radio headphones fails because Louisiana provides a post-deprivation remedy for property loss. See Parratt v. Taylor, 451 U.S. 527, 541-44 (1981); Hudson v. Palmer, 468 U.S. 517, 533 (1984); LA. CIV. CODE ANN. art 2315 (West 1997). Similarly, Samuels fails to show that the district court abused its discretion when rejecting his allegations of denied access to the state administrative grievance procedure. See Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002).

Samuels's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; see also Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Samuels is cautioned that the district court's dismissal of his complaint and this court's dismissal of his appeal count as two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th

Cir. 1996).  Samuels is further cautioned that if he accumulates three strikes under 28 U.S.C. § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.