# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 19, 2007**

Charles R. Fulbruge III
Clerk

No. 06-61132
Summary Calendar

ADOLPH BRYANT, JR

Plaintiff-Appellant

v.

CHRISTOPHER EPPS, Commissioner, Mississippi Department of Corrections; JANE T BOND, Records Department Director, Mississippi Department of Corrections

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-66

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Adolph Bryant, Jr., Mississippi prisoner # 84075, was convicted in 1993 of possession of marijuana and cocaine with intent to deliver arising out of two drug arrests. He filed a 42 U.S.C. § 1983 suit challenging the computation of his discharge and parole eligibility dates. The district court granted a motion for summary judgment in favor of the defendants, dismissed Bryant's suit as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

frivolous, and denied Bryant leave to proceed in forma pauperis (IFP) on appeal, certifying that the appeal was not taken in good faith. Bryant seeks leave from this court to proceed IFP. By doing so, he challenges the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 203 (5th Cir. 1997).

Bryant has failed to demonstrate the existence of a nonfrivolous issue for appeal. Although Bryant may be unable to afford the filing fee, he must nevertheless raise a nonfrivolous issue. See id. He has not shown any constitutional violations regarding his claims related to his discharge and parole dates. He likewise has not shown that the district court abused its discretion in allowing the respondent's untimely summary judgment motion. See, e.g., Enlow v. Tishomongo County, Miss., 962 F.2d 501, 507 (5th Cir. 1992). Thus, he is not entitled to proceed IFP on appeal.

As it is plain that any appeal would be frivolous, we dismiss the appeal sua sponte pursuant to 5TH CIR. R. 42.2. See Baugh, 117 F.3d at 202 n.24. The dismissal of this appeal as frivolous and the dismissal by the district court of Bryant's suit each counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Bryant is cautioned that he has now accumulated two strikes and that if he accumulates three strikes he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; IFP MOTION DENIED; SANCTION WARNING ISSUED.