# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 05-11434
Summary Calendar

FRED SCOTT

Plaintiff-Appellant

v.

TARRANT COUNTY COMMISSIONERS, Official Capacity; DIONNE BAASBY, Tarrant County Commissioner, Official Capacity; MARTI VAN RAVENSWAY, Tarrant County Commissioner, Official Capacity; GLEN WHITLEY, Tarrant County Commissioner, Official Capacity; J D JOHNSON, Tarrant County Commissioner, Official Capacity; G K MEANINS, Tarrant County Commissioner, Official Capacity; TIM CURRY, District Attorney, Tarrant County Texas, Official Capacity; NFN THORNTON, Judge, 372nd Judicial District Court, Tarrant County, Texas, Official Capacity; DON CARPENTER, Former Sheriff of Tarrant County, Official Capacity; DAVID WILLIAMS, Sheriff, Official Capacity; JACK STRICKLAND, Private Attorney, Individual Capacity

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CV-437

Before JOLLY, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fred Scott, Texas prisoner # 907987, appeals the dismissal of his 42 U.S.C. § 1983 complaint as time-barred pursuant to 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(I), (ii). He argues that the statute of limitations should be tolled because the defendants fraudulently concealed their actions, preventing him from timely learning the facts underlying his claims.

Scott states that he learned the factual basis underlying his claims in January 2000. Therefore, barring tolling, he had until January 2002 to file a timely § 1983 complaint. Scott's allegations of fraudulent concealment are not a basis for tolling of the limitations period because they relate to actions occurring prior to January 2000. Accordingly, Scott's § 1983 complaint, filed in July 2005, is barred by the statute of limitations.

The district court's dismissal of Scott's action as frivolous and for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Scott is cautioned that if he accumulates three strikes pursuant to § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.