**Joel Antonio SANDOVAL, Appellant**

v.

**UNITED STATES of America, Appellee.**

**No. 10–3057.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 21, 2012.

Elita C. Amato, Law Office of Elita C. Amato, Arlington, VA, for Appellant.

Roy W. McLeese, III, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Before: TATEL, GARLAND, and KAVANAUGH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court and briefed by counsel. The court has afforded full consideration to the issue presented and has determined that it does not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

The issue on appeal is whether, following the appellant's entry of a guilty plea for travel with intent to engage in illicit sexual conduct, *see* 18 U.S.C. § 2423(b), the district court properly raised his offense level under the United States Sentencing Guidelines pursuant to U.S.S.G.

§ 2A3.1(b)(6)(B). That provision prescribes a two-level enhancement if the offense involved "the use of a computer or an interactive computer service," and that computer or computer service was used "[1] to persuade, induce, entice, or coerce a minor to engage in prohibited sexual conduct, or ... [2] to facilitate transportation or travel, by a minor or a participant, to engage in prohibited sexual conduct." The appellant objects to application of the enhancement and contends that the district court failed to specify whether it was imposing it based on the first or second ground described in § 2A3.1(b)(6)(B).

The appellant did not make this objection in the district court, however, but rather merely asserted that "no specific offense characteristics should apply." J.A. 45. Because "[a]n objection is not properly raised if it is couched in terms too general to have alerted the trial court to the substance of the appellant's point," our review is limited to whether the district court committed plain error. *United States v. Bolla*, 346 F.3d 1148, 1152 (D.C.Cir.2003) (internal quotation marks omitted)). There is no plain error here. In deciding to apply the enhancement, the court explicitly adopted the findings of the Presentence Investigation Report (PSR), which specified that U.S.S.G. § 2A3.1(b)(6)(B) should apply because "[t]he offense involved the use of a computer to facilitate the travel of the participant." PSR ¶ 14. The appellant did not dispute that finding, and indeed there is no dispute that he used a Palm Pilot device to arrange the logistics of the intended meeting. A trial court "may accept any undisputed portion of [a] presentence report as a finding of fact," FED.R.CRIM.P. 32(i)(3)(A); *see, e.g., United States v. Reeves*, 586 F.3d 20, 23–24 (D.C.Cir.2009), and the court's adoption of the PSR makes clear that its rationale for applying the enhancement was based on the second prong of § 2A3.1(b)(6)(B).

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41(a)(1).