# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 23, 2013

No. 12-10671
Summary Calendar

Lyle W. Cayce
Clerk

BOBBY JOE JONES, also known as Bobby Jones,

Plaintiff-Appellant

v.

CHARLES MCDUFFIE, Senior Warden; GERALD DAVIS, Assistant Warden; GERALD WHITFIELD, Correctional Officer; JAMES SUTTON, Correctional Officer; DORTHY BARFOOT, Correctional Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:10-CV-148

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis (IFP), Bobby Joe Jones, Texas prisoner # 679520, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. He argues that Charles McDuffie and Gerald Whitfield violated his right of access to the courts; that Whitfield violated his right to redress of grievances by retaliating against him; that McDuffie, Whitfield, Dorthy Barfoot,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

John Gossett, and other prison employees conspired to violate his constitutional rights before and during the pendency of his lawsuit; that the district court abused its discretion in denying his motions for leave to amend his complaint, for discovery, for appointed counsel, and for injunctive relief; and that the district court was biased against him.

The district court dismissed Jones's complaint as frivolous and for failure to state a claim on which relief could be granted. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b). Accordingly, we review the decision de novo. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted).

Jones reurges the merits of his claims that Officer Whitfield violated his right of access to the courts and his right to redress of grievances by retaliating against him. He does not, however, address the district court's detailed analysis and dismissal of the foregoing claims as frivolous. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Therefore, Jones's claims against Whitfield regarding access to the courts and retaliation are deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

His claim that Warden McDuffie violated his right of access to the courts was not presented in the district court. Because we generally refuse to consider arguments raised for the first time on appeal, we will not address the foregoing claim. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

No. 12-10671

He next claims that McDuffie, Whitfield, Barfoot, Gossett, and other prison employees conspired to violate his constitutional rights before and during the pendency of his lawsuit. Jones unsuccessfully attempted to amend his complaint in the district court to raise these claims. The district court denied Jones's five separate motions for leave to amend because each was untimely under both Rule 15 of the Federal Rules of Civil Procedure and the district court's scheduling order and because each of the proposed amendments would be subject to dismissal for failure to state a claim on which relief can be granted. *See* FED. R. CIV. P. 15(a). Jones's conclusory and speculative arguments in his appellate brief are insufficient to establish that the district court abused its discretion when it denied his motions for leave to amend. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 771 (5th Cir. 1999). Because the district court denied Jones's motions for leave to amend, it never considered these additional claims. Accordingly, we will not address them. *See Leverette*, 183 F.3d at 342.

Jones asserts that the district court abused its discretion in denying his motions for discovery, specifically his motion for McDuffie's time records and the prison's call logs; appointed counsel; and injunctive relief. Jones's motion for time records and call logs was filed after the magistrate judge issued his report and recommendation. Therefore, the district court did not abuse its discretion in denying Jones's discovery motion. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004).

The district court denied Jones's five motions for appointed counsel because Jones failed to establish any of the factors used to determine whether the appointment of counsel is appropriate in a civil case. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). Jones's conclusory assertions in his appellate brief are insufficient to show that the district court abused its discretion when it declined to appoint counsel to represent Jones. *See id.*

3

No. 12-10671

The district court also denied Jones's numerous motions for temporary restraining orders and preliminary injunctions. Because Jones did not prevail on the merits, he cannot show that the district court abused its discretion in denying his motions. *See Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993).

Finally, Jones argues that the district court was biased against him. Jones's argument, which is based wholly on the district court's adverse rulings and his own conclusional assertions, is insufficient to show bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Jones's appeal is without arguable merit and, therefore, frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2. In light of the foregoing and because Jones has not shown the existence of exceptional circumstances warranting the appointment of counsel, his motion for the appointment of appellate counsel is denied. *See Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982).

The district court's dismissal of Jones's complaint as frivolous and this court's dismissal of his appeal as frivolous count as two strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Jones is hereby cautioned that if he accumulates three strikes he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; MOTION FOR THE APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.