# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31223

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2014

Lyle W. Cayce
Clerk

RICKY BAZILE,

Plaintiff-Appellant

v.

JACKSON PARISH COMMISSION; JACKSON PARISH CORRECTIONAL
CENTER; STAFF JACKSON PARISH CORRECTIONAL CENTER; TIMMIE
DUCOTE; CHRISTOPHER STINTON; LAURA FREEMAN; GYANENDRA
KUMAR SHAMA; DEPARTMENT OF CORRECTIONS; LASALLE
MANAGEMENT COMPANY,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:13-CV-2186

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ricky Bazile, Louisiana prisoner # 315955, has filed a motion to proceed
in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C.
§ 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C.
§ 1915A(b)(1) for failure to state a claim upon which relief can be granted. By

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-31223

moving for IFP status in this court, Bazile is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Bazile's motion for leave to file a supplement to his motion to proceed IFP is granted.

Bazile argues that the district court erred in determining that his medical care was not delayed as the result of the deliberate indifference of the prison staff as well as the medical personnel involved in his treatment.  He contends that he suffered substantial harm because he did not have knee surgery until two weeks after his injury occurred.  He asserts that the deliberate indifference was also the result of the prison administration and its policymakers' failure to execute or implement proper policies or customs.

With respect to determining whether a complaint fails to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  Bazile's pleadings reflect that he received consistent medical treatment following his injury.  His complaint does not reflect that the defendants refused treatment, ignored his complaints, intentionally provided the wrong treatment, or engaged in any conduct that clearly evinced a wanton disregard for his serious medical needs. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  The fact that Bazile disagreed with his initial treatment or may have been subject to acts of negligence or even medical malpractice does not support a claim of deliberate indifference.  *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  His allegations do not reflect that he suffered substantial harm as a result of the delay in undergoing knee surgery.  *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  Nor has Bazile alleged any facts showing that he was subject to deliberate indifference as a result of the implementation

of an unconstitutional policy or custom by the prison administration or its policy makers. *See Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010).

Bazile has not shown that his appeal involves any arguably meritorious issue. His motion to proceed IFP is denied. *See Howard v . King*, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See Baugh*, 117 F.3d at 2020 n.24; 5TH CIR. R. 42.2. Bazile's motion for appointment of counsel is also denied.

The district court's dismissal of Bazile's § 1983 suit and our dismissal of this appeal as frivolous both count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Bazile is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION FOR LEAVE TO SUPPLEMENT IFP MOTION IS GRANTED; MOTIONS TO PROCEED IFP AND FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.