# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20378
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2014

Lyle W. Cayce
Clerk

GLENN RAY PALMER,

Plaintiff-Appellant

v.

DISTRICT CLERK CHRIS DANIEL

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-723

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Glenn Ray Palmer, Texas prisoner # 1747722, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C § 1915A(b)(1) for failure to state a claim.  Palmer alleged that Chris Daniel, the Clerk of the Harris County District Court, denied him access to the courts.  He argues that Daniel failed to transmit his habeas application to the Texas Court of Criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20378

Appeals in accord with the time limitations in Texas Code of Criminal Procedure article 11.07. He seeks declaratory relief and damages.

We review the dismissal of a complaint for failure to state a claim under the same de novo standard of review applicable to dismissals made pursuant to Federal Rule of Civil Procedure 12(b)(6). *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The right of access to the courts only encompasses a reasonably adequate opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement. *Johnson v. Rodriguez,* 110 F.3d 299, 310-11 (5th Cir. 1997). Further, an inmate must demonstrate a relevant, actual injury stemming from the defendant's alleged unconstitutional conduct. *Brewster v. Dretke*, 587 F.3d 764, 769, (5th Cir. 2009).

Texas Code of Criminal Procedure article 11.07 reflects that the transmittal of a habeas application to the appellate court is dependent upon the directions of the convicting court. The district court properly took judicial notice of the public record in determining that the state district court had designated controverted material issues for resolution with respect to both of Palmer's applications and that it had not directed the clerk to transmit the records to the Texas Court of Criminal Appeals. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Daniel acted in accord with the provisions of article 11.07 and the directions of the convicting state court and did not deny Palmer access to the appellate court in violation of his constitutional rights. Further, the record reflects that Palmer's habeas applications remain pending before the state court. Thus, Palmer has not

No. 13-20378

shown that he was precluded from filing his applications or that he has sustained any actual prejudice in the habeas proceedings. He has failed to state a claim for the denial of access to the courts. *See Brewster,* 587 F.3d at 769.

The district court's dismissal of Palmer's civil complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996). Palmer is CAUTIONED that if he accumulates three strikes he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

Palmer's motion for appointment of counsel is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982).

The district court's dismissal of the complaint is AFFIRMED.