IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-10712
Summary Calendar

———

ROY COMBS,

Plaintiff-Appellant,

v.

BRENITA DUNN, Detective,

Defendant-Appellee.

———

Appeal from the United States District Court
for the Northern District of Texas
No. 3:06-CV-1772

———

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Roy Combs, federal prisoner # 30807-177, has filed a pro se motion for leave to proceed in forma pauperis ("IFP") in his appeal of the dismissal of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition for a writ of mandamus, which sought to compel the district court to investigate and file criminal charges against a Dallas narcotics detective. The court dismissed the petition as frivolous after concluding that Combs's claims are not cognizable under 42 U.S.C. § 1983. The court denied Comb's motion to proceed IFP on appeal, certifying that his appeal is not taken in good faith.

By moving to proceed IFP, Combs is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). His sole argument is that he should be allowed to proceed IFP because of his inability to pay the costs of the proceeding. Despite his showing of economic eligibility, see Adkins v. E. I. duPont de Nemours & Co., 335 U.S. 331, 339-40 (1948), he does not demonstrate that this appeal is not frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

It is within the discretion of the prosecutor whether to prosecute and what charges to file, and Combs does not have the right to bring charges. In re United States, 397 F.3d 274, 284 (5th Cir. 2005). Federal courts do not have the authority to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties. Moye v. Clerk, Dekalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973).

Combs's appeal lacks any issue of arguable merit and is therefore frivolous. See Howard, 707 F.2d at 220. The motion to proceed IFP is denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Combs is cautioned that the district court's dismissal of his petition for writ of mandamus and this court's dismissal of the appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). If Combs accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

The district court's Prison Litigation Reform Act ("PLRA") order regarding the IFP motion does not conform to 28 U.S.C. § 1915(b)(1)(A) & (B) in that it does not assess Combs an initial partial filing fee, and it states that Combs is to pay the $455 fee in periodic installments until he has paid the total of $255. This case is remanded for the limited purpose of allowing the court to correct the order.

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED; REMANDED.