IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2008

Charles R. Fulbruge III
Clerk

No. 06-11416
Summary Calendar

ROY COMBS

Plaintiff-Appellant

v.

CITY OF DALLAS; DALLAS POLICE DEPARTMENT NARCOTICS DIVISION;
BRENITA DUNN; LARRY MOSES; NORMAN BELL; TERRELL BOLTON; J
C MARTINEZ; NAN LOLLAR; RAY JACKSON; CHERYL WATTLEY; SAM
HUDSON; TOMMY HALE; 2 UNKNOWN SUPERVISORS; 5 UNKNOWN
DETECTIVES; ONE HELICOPTER OPERATOR; NFN BECKER, #6431; NFN
MISAK, #4631; SIX UNKNOWN POLICE OFFICERS; CALVIN CUNIGAN,
Deputy Chief of Internal Affairs; MANNY GUEVARA; A L SUTTON; DAVID M
KUNKLE, Chief of Police

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-74

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Roy A. Combs, federal prisoner # 30807-177, appeals

the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

frivolous and time barred. The district court's dismissal of Combs's complaint is reviewed for an abuse of discretion. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

Combs's claims arise from an alleged contract with the Dallas Police Department (DPD) Narcotics Division in which Combs agreed to serve as a confidential informant and participate in controlled drug buys. Combs asserts that although he was associating with known drug dealers in an official capacity, he was ultimately arrested on federal drug charges on June 30, 2003. Combs alleges that the police initially secured his cooperation through intimidation, threats, and coercion; that the DPD knew his contract was fraudulent and invalid; and that the appellees, including several of his former attorneys, even resorted to perjury to further their conspiracy to harm and convict him. Combs's complaint was subject to preliminary screening and, if found to be frivolous, to dismissal, pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).

The district court dismissed the DPD as a defendant because it is a servient political department that does not enjoy a separate and distinct legal existence from the City of Dallas. Combs does not demonstrate that the DPD promulgated policies or engaged in customs that violated his constitutional rights, see Monell v. Dep't of Soc. Services of City of New York, 436 U.S. 658, 690-91 (1978). Neither does he show that the City of Dallas granted the DPD the capacity to sue or be sued as a separate and distinct entity. Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991). The district court did not abuse its discretion in dismissing the claims against the DPD as frivolous.

The district court dismissed several claims as time barred, in particular some allegations against Nan Lollar, Sam Hudson, ex-detective Norman Bell, Detectives Brenita Dunn and Larry Moses, Officer Becker, Sergeants Misake and A.L. Sutton, Six Unknown Officers, Five Unidentified Detectives, Two Unidentified Supervisors, and One Helicopter Operator. The majority of

Combs's claims of personal injury claims are governed by a two year statute of limitations. See Stanley v. Foster, 464 F.3d 565, 568 (5th Cir. 2006); V.T.C.A., Civ. Prac. & Rem. Code 16.003(a) (Vernon 2002). Combs's claims accrued no later than June 30, 2003, when he was arrested. Combs's complaint was not officially filed until January 11, 2006, well after the expiration of the two-year limitations period. Combs contends that his complaint was originally signed and dated, then given to prison officials, on September 30, 2005. Even if that were so, this date is still untimely. The district court did not err in dismissing these claims as time barred.

The district court also dismissed the claims against the City of Dallas, Terrell Bolton, J.C. Martinez, Deputy Chief of Internal Affairs Calvin Cunigan, Manny Guevara, and Chief of Police David M. Kunkle, for failure to state a claim and because any allegations would necessarily be intertwined with the time-barred claims. Combs argues that his claims against these defendants are timely, but fails to address the district court's alternate dismissal on the ground that Combs merely named them in the caption and never stated any specific claims on which relief could be granted. Combs therefore has abandoned any argument regarding this basis for the dismissal of any claims against these defendants. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Combs asserts that during an October 2002 arrest which resulted from an illegal stop, Officer Becker, Sergeant Misake, and six unknown officers confiscated his personal property, including cash and a vehicle. Combs insists that the district court should not have dismissed these claims because the seizure violated his due process rights, and his property has yet to be returned. The Due Process Clause is not implicated by the negligent loss of property, thus, no procedure for compensation is constitutionally required. Daniels v. Williams, 474 U.S. 327, 328 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986). Furthermore, unauthorized intentional deprivation of property by a state official does not constitute a civil rights violation as long as the state provides a

meaningful post deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Combs does not demonstrate that Texas's tort remedy of conversion is an inadequate remedy. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994).

The district court dismissed Combs's negligence and legal malpractice claims against attorneys Hudson, Lollar, and Ray Jackson for lack of federal question jurisdiction. Combs advances several theories of negligence, incompetence, and conspiracy, but he fails to raise any issues of a Constitutional or federal nature. The essence of his argument is simple professional malpractice. Private attorneys, even when appointed by the court, are not official state actors and are generally not subject to suit under § 1983 for independent judgments and actions taken during the course of representing a defendant. Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988).

Combs's also alleges that DEA agent Tommy Hale[1] knowingly and intentionally gave false information to the grand jury on two occasions, resulting in Combs's indictment and ultimate conviction. In addition, he asserts that attorney Wattley violated conflict of interest ethics by representing him and that she conspired with the police, prosecutors, and witnesses to convict him. The district court dismissed these claims until Combs could meet the conditions in Heck v. Humphrey, 512 U.S. 477 (1994). That case held that, to recover damages in a § 1983 suit for harm caused by actions the unlawfulness of which could render a conviction or sentence invalid, a plaintiff must prove that his conviction has been "reversed on direct appeal, expunged by executive order, declared

---

[1] See Bivens v. Six Unnamed Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 395-97 (1971) (holding that violation of the Constitution by a federal agent acting under color of federal authority gives rise to a cause of action for damages). Although the DEA agent is a federal actor, he is subject to the same laws as state actors. Id.

invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. This applies equally to Bivens-type actions. Stephenson v. Reno, 28 F.3d 26, 27 & n.1 (5th Cir. 1994). Combs does not refute the finding that his allegations against Wattley and Agent Hale do not "necessarily imply the invalidity of his conviction or sentence." See Heck, 512 U.S. at 487. Therefore, Combs's claims against Wattley and Agent Hale are barred until he can show that his conviction has been invalidated. Id.

In the end we are satisfied that, like Combs's case in the district court, the instant appeal is frivolous, see Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983), and is dismissed. See 5TH CIR. 42.2. The district court's dismissal of Combs's complaint as frivolous and this court's dismissal of Combs's appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Combs has at least two additional strikes. See Combs v. Dunn, No. 07-10712 (N.D. Tex. May 21, 2008). Because he has accumulated at least three strikes, Combs may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g). We caution Combs again that, to avoid the imposition of an additional sanction, he should review any pending appeals to ensure that they do not raise frivolous issues.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.